LABORDE, Judge.
Defendant, Danny Dale Dore, was indicted by a grand jury on two counts of criminal conspiracy to introduce, and two counts of criminal conspiracy to distribute a sched *645 ule II drug, namely, phenmetrazine, into the St. Martin Parish Jail. LSA-R.S. 14:26, R.S. 40:9640(3). Following defendant’s jury trial he was found guilty on two counts of criminal conspiracy to distribute. Before sentencing, defendant jumped bail and was subsequently arrested in Florida. Defendant was sentenced to serve three years at hard labor for each count, to run consecutively; one year at hard labor for jumping bail, to run consecutively; and six months for contempt of court in connection with jumping bail, to run concurrently. Defendant contends that the trial court erroneously: (1) admitted evidence of hearsay testimony, (2) allowed the state to reopen its case-in-chief after resting, and (3) denied defendant’s motions for a new trial and for post verdict judgment of acquittal. Defendant relies on three assignments of error for reversal of his convictions and sentences. Finding no merit to defendant’s assignments of error, we affirm.
FACTS
On the day of the offense, May 17, 1981, inmates Vickie Willis, Lionel LeBlanc and Dolores Dore (defendant’s wife) were incarcerated at the St. Martin Parish Jail. Clifford Alexander, a trustee at the jail, overheard a conversation between Lionel Le-Blanc and Dolores Dore during which they discussed a plan to obtain preludin, a schedule II controlled dangerous substance known as phenmetrazine. Dolores Dore then made a telephone call to the defendant in an effort to obtain a quantity of this drug. After this phone call, a short time elapsed before defendant arrived in an automobile and parked outside the St. Martin Parish Jail. Lionel LeBlanc then left the jail, went downstairs and picked up the drugs. LeBlanc then returned and shared the drugs with Dolores Dore and Willis. Several hours later, Dolores Dore again called defendant, who returned to the jail with more preludin. Again, LeBlanc picked up the drugs and brought them back to the jail where he shared them with Willis and Dolores Dore.
On July 1, 1981, the St. Martin Parish Grand Jury indicted Danny Dale Dore on two counts of conspiring to introduce contraband, namely phenmetrazine, a controlled dangerous substance LSA-R.S. 40:9640(3) under schedule II, into the St. Martin Parish Jail, and on two counts of conspiring to distribute contraband, namely phenmetrazine, in violation of LSA-R.S. 14:26, Criminal Conspiracy. Defendant entered a plea of not guilty to all charges and was tried before a petit jury on two counts of conspiring to distribute phenmetrazine, an illegal drug. After a two day trial, the jury returned a guilty verdict on both counts of criminal conspiracy to distribute phenmetrazine.
Defendant’s assignments of error present the following issues for our determination:
(1) Whether hearsay statements of co-conspirators may be used at trial to establish defendant’s involvement in an alleged criminal conspiracy;
(2) Whether a trial court may allow the state to re-open its case-in-chief after state and defense have rested; and
(3) Whether the trial court erred in denying defendant’s motion for new trial and motion for post verdict judgment of acquittal.

Issue #1

The trial court admitted certain hearsay statements of alleged coeonspirators offered by the state to establish defendant’s involvement in an alleged criminal conspiracy.[1] This testimony was elicited by the *646 state from Clifford Alexander, trustee, regarding the conversation he overheard between prison inmates, LeBlanc and Dolores Dore, during which the defendant was implicated in the conspiracy. According to Alexander’s testimony, defendant was mentioned in the conversation as being the person to deliver the contraband to the jail.
Hearsay evidence is an unsworn out-of-court statement offered at trial to prove the truth of the matter contained in the statement, and thus rests for its value upon the credibility of the declarant. State v. Millet, 356 So.2d 1380 (La.1978); State v. Tonubbee, 420 So.2d 126 (La.1982).
Clearly, Alexander’s testimony pertains to unsworn out-of-court statements made by Lionel LeBlanc and Dolores Dore. Since these statements were offered to prove the truth of the matter asserted (i.e. that defendant was to deliver the drugs to LeBlanc and Dolores Dore), we hold that the testimony was hearsay. To be properly admissible, it must fall within a recognized exception to the hearsay rule.[2]
Two exceptions to the hearsay rule are presented as a possible basis for a finding that this evidence was properly admissible: LSA-R.S. 15:455 (conconspirators) and LSA-R.S. 15:447-448 (res gestae). -
The coconspirator exception as defined in LSA-R.S. 15:455 states:
“Each coconspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his codefendant. But to have this effect a prima facie case of conspiracy must have been established.” (Emphasis added)
Before a coconspirator’s declaration may be introduced under this exception, a prima facie case of conspiracy must have been established and it must be shown that the declaration was made in furtherance of the common enterprise and during its continuation. State v. Dupree, 377 So.2d 328 (La.1979); C. McCormick, Evidence, sec. 267 (2d ed. 1972).
In the instant case, no prima facie proof of conspiracy was established by the state prior to its attempt to introduce evidence of hearsay testimony concerning the statements of a coconspirator which implicated the defendant in the conspiracy. The trial record reflects that Clifford Alexander was the state’s first witness; thus no proof of conspiracy was offered prior to his testimony. Moreover, no evidence of criminal conspiracy was elicited from Alexander pri- or to the state’s attempt to elicit the objectionable hearsay evidence. Therefore, since the state has failed to make this requisite prima facie showing, one of the essential elements of LSA-R.S. 15:455 is lacking, and this hearsay exception does not provide for the admission into evidence of Clifford Alexander’s testimony as to hearsay statements of defendant’s cocon-spirators.
The res gestae exception to the hearsay rule provides for the admission of testimony concerning utterances made before, during and immediately after a crime because statements made under the pressure and excitement of a crime or other extraordinary occurrence carry a special reliability. State v. Millet, supra; LSA-R.S. 15:447-448. The scope of the res gestae doctrine was established in State v. Drew, 360 So.2d 500 (La.1978) where the court reasoned:
“... [R]es gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and delcarations made before and after commission of crime but also includes testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission *647 of the crime if the continuous chain of events is evident under the circumstances.” (Emphasis added)
In the instant case, Clifford Alexander testified that, in the conversation which he overheard between Lionel LeBlanc and Dolores Dore, the two discussed a telephone call to be made to Dolores’ husband, Danny Dale Dore (the defendant), in order that drugs might be obtained. This conversation was obviously an integral part of the transaction since the two prisoners, being incarcerated in the St. Martin Parish Jail, could not leave to obtain the drugs themselves. It was necessary to find someone on the outside to obtain the drugs and deliver them to the jail. It is apparent from the record that this conversation was part of a continuous transaction in the commission of a criminal conspiracy to distribute illegal drugs. Lionel LeBlanc testified that his conversation with Dolores Dore was indeed about how drugs could be obtained and delivered to the jail. LeBlanc, Dolores Dore, and Vickie Willis then discussed the price and quantity of the drugs to be obtained. Dolores Dore then telephoned defendant and announced to Le-Blanc and Willis that she had someone bringing the pills to the jail. After a short period elapsed, LeBlanc went downstairs and obtained the pills from defendant, and returned upstairs to the jail where he, Dolores Dore and Vickie Willis shared the pills. The entire transaction took place within an approximate four hour time frame.
Thus, we conclude that the initial conversation which Clifford Alexander overheard was an integral and essential part of the entire transaction; that the conversation transpired at the approximate time and place of the crime; and that it formed a part of a continuous and ongoing conspiracy to distribute drugs into the jail. See State v. Joseph, 341 So.2d 861 at 867 (La.1977).
Therefore, the conversation of defendant’s coconspirators testified to by Clifford Alexander, was properly admitted as res gestae over defendant’s hearsay objection.

Issue #2

Defendant contends that the trial judge erred, in allowing the state to re-open its case-in-chief in order to prove an essential element of the crime after the state and defense had rested.
Defendant chose not to brief this assignment of error; thus, it is considered abandoned. State v. Lemoine, 403 So.2d 1230 (La.1981); State v. Dewey, 408 So.2d 1255 (La.1982). We will therefore not consider its merits.

Issue #3

The trial court denied defendant’s motion for a new trial and motion for post verdict judgment of acquittal. LSA-C.Cr.P. art. 851(1) and art. 821 respectively. Defendant contends by these motions that there was insufficient evidence to support his convictions under the constitutional standards set forth by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The question for our determination is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
The essential elements of criminal conspiracy, LSA-R.S. 14:26, are:
(1) an agreement or corroboration of two or more persons for the specific purpose of committing a crime; and
(2) an act in furtherance of such agreement or corroboration.
The record reveals that Clifford Alexander testified that he overheard Dolores Dore and Lionel LeBlanc discussing a plan to obtain drugs. He further testified that he saw Dolores Dore using the phone and later saw defendant arrive at the St. Martin Parish Jail and have a conversation downstairs with Lionel LeBlanc. The testimony of Lionel LeBlanc corroborates and enlarges upon that of Alexander. LeBlanc testified that he discussed obtaining drugs with Dolores Dore and that Dolores indi *648 cated that her husband (the defendant) would bring the drugs. He testified how he obtained the money for the drug sale, and his observation of Dolores Dore ás she made the telephone call, subsequent to which she told him “I got somebody to bring the pills over.” LeBlanc further testified how he went downstairs from the jail, met with the defendant on the street, picked up the drugs and gave the defendant a sum of money in return. Vickie Willis testified that she was involved in the initial conversation with Dolores Dore and LeBlanc in which they discussed a plan to obtain the drugs. She further testified that as per their plan, Dolores Dore telephoned the defendant and asked him to bring the drugs to the jail, that LeBlanc came back with the drugs, and that the three of them then partook of the drugs.
The facts clearly indicate evidence of an agreement between defendant and the inmates to make an illegal drug transfer. The required showing of the statutory element of an act of furtherance as defined in LSA-R.S. 14:26 is evidenced from the facts which indicate the defendant’s presence at the jail on the day of the offense with the illegal drugs in hand.
After viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found all of the essential elements of the crime proven beyond a reasonable doubt. Therefore, the trial court properly denied the motions.
Based on the above and foregoing reasons, defendant’s convictions and sentences are affirmed.
AFFIRMED.

. LSA-R.S. 14:26. Criminal conspiracy
"A. Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
If the intended basic crime has been consummated, the conspirators may be tried for either the conspiracy or the completed offense, and a conviction for one shall not bar prosecution for the other."
B. (omitted)
C. (omitted)

. LSA-R.S. 15:434 Admissibility of hearsay evidence
“Hearsay evidence is inadmissible, except as otherwise provided in this Code.”