KING, Judge.
The sole issue presented by this appeal is the correctness of the defendant’s conviction for second offense driving while intoxicated.
The defendant, Donald J. Borel, (hereinafter Borel) was charged with driving a vehicle while intoxicated, second offense, in violation of La.R.S. 14:98(C). The defendant was also charged with driving left of center, in violation of La.R.S. 32:79. Both charges arose out of the same incident and were consolidated for trial and were tried at the same time. This case remains consolidated on appeal with the case of State v. Borel, 473 So.2d 930 (La.App. 3rd Cir.1985), and since the law and facts are common to each case, our opinion here will also be relevant to the consolidated case. A separate judgment will be rendered in connection with the consolidated case in which the defendant was charged with driving left of center.
Defendant was tried before a judge and was found guilty as charged of both offenses. The trial court sentenced defendant on the charge of second offense driving while intoxicated to pay a fine of $350.00 plus costs of court and to serve six months in the parish jail, with the jail sentence suspended on the condition (1) that defendant participate in a court-approved substance abuse program; (2) that defendant attend a court-approved driver improvement course and also perform 30 eight-hour days of community service; (3) that defendant’s drivers license be suspended; and (4) that the defendant be subject to the general conditions of probation provided by Article 895.1 of the Louisiana Code of Criminal Procedure. The Court did not impose a sentence on the defendant after he was found guilty of the charge of driving left of center.
Defendant appeals his conviction for each offense alleging two assignments of error:
(1) The trial court erred by admitting the results of the PEI testing into evidence; and
(2) The trial court erred by admitting into evidence the testimony of Carol Champagne, a State’s witness, who remained present in the courtroom during the trial when all other witnesses had, on motion of defendant’s attorney, been placed under the rule of sequestration at the commencement of the trial.
ASSIGNMENT OF ERROR NUMBER 1
The defendant in his brief expressly abandoned assignment of error number one. Therefore, it is not necessary that we consider it. Assignments of error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Dore, 443 So.2d 644 (La.App. 3rd Cir.1983).
ASSIGNMENT OF ERROR NUMBER 2
Through this assignment of error the defendant argues that the trial court erred by admitting in evidence the testimony of a State’s witness, Carol Champagne. Ms. *930 Champagne was present in the courtroom during the entire trial but was not presented to the Court by the District Attorney as a witness for the State when the defendant requested that all witnesses in the case be placed under the rule of sequestration, pursuant to La.C.Cr.P. Art. 764.[1]
The record clearly shows that the State’s witness, Carol Champagne, was indeed present in Court during the testimony of the other witnesses for the State. However, the other State’s witnesses testified as to the facts surrounding defendant’s arrest for DWI and his subsequent testing on the PEI machine. Ms. Champagne, an employee of the District Attorney’s office, was called by the State to testify as to facts which would prove that defendant had previously been convicted of first offense DWI. Ms. Champagne’s testimony related solely to the issue of defendant’s previous conviction of first offense driving while intoxicated and as the testimony of the officers related solely to facts involving the present offense it cannot be said that Ms. Champagne’s testimony was tainted by what she heard in court.
“The purpose of sequestration is to assure that a witness will testify as to his own knowledge of the events, to prevent the testimony of one from influencing the testimony of others, and to strengthen the role of cross examination in developing facts. State v. Parker, 421 So.2d 834 (La.1982); State v. Sonnier, 402 So.2d 650 (La.1981); State v. Gray, 351 So.2d 448 (La.1977); State v. Johnson, 343 So.2d 155 (La.1977).” State v. Marchese, 430 So.2d 1303, at page 1306 (La.App. 1st Cir.1983).
It appears that despite her presence in the courtroom during the testimony of the state troopers, Ms. Champagne testified as to her own personal knowledge of defendant’s prior conviction for DWI. Her testimony in this regard could not have been influenced by the testimony of the officers regarding the present charge nor did it in any way hamper defendant in his cross examination of Ms. Champagne.
“Not every violation of a sequestration order must result in the exclusion of a witness’ testimony. State v. Parker, supra. The trial judge may, in his discretion, refuse to disqualify an errant witness or declare a mistrial for a violation, if the purpose of the sequestration has not been thwarted, or there is no evidence that the witness’ testimony has been tainted. State v. Parker, supra; State v. Johnson, supra.” State v. Marchese, 430 So.2d 1303, at page 1306 (La.App. 1st Cir.1983).
Defendant has made no showing that the trial judge abused his discretion in allowing Ms. Champagne to testify nor has he shown that the purpose of the sequestration was thwarted or the witness’ testimony tainted because of what she might have heard in the courtroom.
For the reasons stated above this assignment is without merit. Defendant’s conviction and sentence for second offense driving while intoxicated are affirmed. All costs of this appeal are taxed to defendant-appellant.
AFFIRMED.

. La.C.Cr.P. Art. 764 provides:
"Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice."