STATE v. CHARLES MURPHY.

(Filed 13 December, 1911.)

1. Homicide—Murder in First Degree—Answer to Issues.

Our statute on the subject peremptorily requires that before sentence of death may be pronounced, the trial jury shall determine in their verdict that the prisoner is guilty of murder in the first degree (Revisal, sec. 3271), and our trial courts should always require that verdicts in capital cases definitely and expressly state the degree of murder of which the prisoner is convicted, and the verdict should be recorded as rendered.

2. Homicide—Murder in First Degree—Defense—Drunkenness—
   Premeditation.

   While voluntary drunkenness may not be considered as a legal
   excuse for a crime, the principle is not allowed to prevail where,
   in addition to the overt act, it is required that a definite, specific
   intent be established as an essential feature of the crime charged.

3. Same—Instructions—Appeal and Error.

   Our statute dividing the crime of murder into two degrees re-
   quires that for conviction in the first degree there must be delib-
   eration and premeditation, or a purpose to kill previously formed
   after weighing the matter, and when the defense properly arises
   under the evidence, it is reversible error for the trial judge to
   refuse to instruct the jury, even in cases of voluntary drunken-
   ness, that if the prisoner was so drunk that he could not form or
   entertain the essential ingredients of deliberation and premedita-
   tion, as stated, they should answer the issue as to murder in the
   first degree in the prisoner's favor.

4. Homicide—Murder in Second Degree—Manslaughter—Defense—
   Drunkenness.

   The elements of deliberation and premeditation not being re-
   quired as to murder in the second degree. or manslaughter, the
   defense of drunkenness is not an available plea thereto.

APPEAL from *Lane, J.,* at March Term, 1911, of YANCEY.

Indictment for murder. There was evidence tending to show
that on 21 December, 1910, the prisoner, openly and in the
presence of several witnesses, shot John Simmons, the deceased,
in the back, with a pistol, and killed him, and that the killing
was deliberate and premeditated.

There was evidence on the part of the prisoner tending to
show that the killing was not deliberate, of premeditated pur-
pose; second, that the mind of the prisoner was, at the time, so
affected by disease that he was incapable of committing crime;
third, that the mind of the prisoner was so affected, at the time,
by voluntary drunkenness that he was incapable of committing
murder in the first degree.

The court charged the jury as to the degrees of crime, em-
braced in the bill of indictment and on different phases of the
evidence, elaborately as to nonresponsibility for crime in case
of insanity, and in closing the charge said:

"Take the case; give it the consideration that its importance merits, and make up your verdict. If you find the defendant guilty of murder in the first degree, your verdict will be 'Guilty,' simply. If you find him guilty of murder in the second degree, your verdict will be 'Guilty of murder in the second degree.' If you find him guilty of manslaughter, your verdict will be 'Guilty of manslaughter.' If acquitted, you will say 'Not guilty,' and no more."

The jury rendered a verdict of "Guilty," and the same being so recorded, there was sentence of death, and the prisoner excepted and appealed, assigning for error (1) that the court failed and refused to charge, as requested, that if the mind of the prisoner, at the time of the killing, was so affected by drunkenness, though voluntary, as to be incapable of forming or entertaining a deliberate, premeditated purpose to take the life of the deceased, he could not be convicted of murder in the first degree. (2) That the verdict, as rendered, did not justify the court in pronouncing sentence of death.

*Attorney-General T. W. Bickett and Assistant Attorney-General George L. Jones for the State.*

*Gardner & Gardner and Justice & Broadhurst for defendant.*

HOKE, J., after stating the case: Our statute, dividing the crime of murder into two degrees, concluded with the direction that the jury before whom an offender is tried "shall determine, in their verdict, whether the crime is murder in the first or second degree." This portion of the law now appears in Revisal, sec. 3271, and contains peremptory requirement that before sentence of death may be pronounced the trial jury shall determine, in their verdict, that the prisoner is guilty of murder in the first degree. We have held in several cases that although a verdict, as expressed, may not be sufficiently determinative, it may become so by reference to the pleadings or the charge of the court, or even to the evidence, when the same all appears of record.

An instance of the verdict cured by reference to the charge of trial judge is afforded in *Richardson v. Edwards*, 156 N. C., 590. Under this principle and owing to the very definite and

precise instructions of the court as to the terms of the verdict, in case the jury should find the prisoner guilty of murder in the first degree, we might not feel constrained to disturb the judgment of the court, but we deem it proper to say that, having regard for the language of the statute and the supreme importance of the issue, our trial courts should always require that juries in capital cases should definitely and expressly say of what degree of murder they convict the prisoner, and the verdict should be recorded as rendered. In a case of this kind there should be no room for doubt or mistake.

Without definite ruling as to the form and sufficiency of the verdict when considered in reference to the charge of the lower court, we are of opinion that the prisoner is entitled to a new trial by reason of the failure to present the view, arising on the testimony and embodied in his prayers for instructions, as to the effect of "voluntary drunkenness."

It is very generally understood that voluntary drunkenness is no legal excuse for crime, and the position has been held controlling in many causes in this State and on indictments for homicide, as in *S. v. Wilson,* 104 N. C., 868; *S. v. Potts,* 100 N. C., 457. The principle, however, is not allowed to prevail where, in addition to the overt act, it is required that a definite, specific intent be established as an essential feature of the crime. In Clark's Criminal Law, p. 72, this limitation on the more general principle is thus succinctly stated: "Where a specific intent is essential to constitute crime, the fact of intoxication may negative its existence." Accordingly, since the statute dividing the crime of murder into two degrees and in cases where it becomes necessary, in order to convict an offender of murder in the first degree, to establish that the "killing was deliberate and premeditated," these terms contain, as an essential element of the crime of murder, "a purpose to kill previously formed after weighing the matter" (*S. v. Banks,* 143 N. C., 658; *S. v. Dowden,* 118 N. C., 1148), a mental process, embodying a specific, definite intent, and if it is shown that an offender, charged with such crime, is so drunk that he is utterly unable to form or entertain this essential purpose, he should not be convicted of the higher offense. It is said in some of

the cases, and the statement has our unqualified approval, that
the doctrine in question should be applied with great caution.
It does not exist in reference to murder in the second degree
nor as to manslaughter. Wharton on Homicide (3 Ed.), 810.
It has been excluded in well-considered decisions where the
facts show that the purpose to kill was deliberately formed
when sober, though it was executed when drunk, a position pre-
sented in *S. v. Kale,* 124 N. C., 816, and approved and recog-
nized in *Arzman v. Indiana,* 123 Ind., 346, and it does not
avail from the fact that an offender is, at the time, under the
influence of intoxicants, unless, as heretofore stated, his mind
is so affected that he is unable to form or entertain the specified
purpose referred to.

In illustration of the principles stated in *Reaper v. Vincent,*
95 Cal., 425, it was held, "That upon a prosecution for murder,
an instruction to the jury that evidence of drunkenness can
only be considered by them for the purpose of determining the
degree of crime, and for such purpose it should be received with
great caution, is correct." In *Commonwealth v. Cleary,* 148 Pa.,
27, the following instructions were fully approved: "If, how-
ever, you find that the intoxication of the prisoner was so great
as to render it impossible for him to form the willful, delib-
erate, and premeditated intent to take the life of the deceased,
the law reduces the grade of the homicide from murder in the
first degree to murder in the second degree. The mere intoxi-
cation of the prisoner will not excuse or palliate his offense,
unless he was in such a state of intoxication as to be incapable
of forming this deliberate and premeditated attempt. If he
was, the grade of offense is reduced to murder in the second
degree." In Wharton on Homicide (3 Ed.), p. 811, the author,
referring to this subject, says generally: "Intoxication, though
voluntary, is to be considered by the jury in a prosecution for
murder in the first degree, in which a premeditated design to
effect death is essential, with reference to its effect upon the
ability of the accused at the time to form and entertain such a
design, not because, *per se,* it either excuses or mitigates the
crime, but because, in connection with other facts, an absence
of malice or premeditation may appear. Drunkenness as evi-

dence of want of premeditation or deliberation is not within the rule which excludes it as an excuse for crime. And a person who commits a crime while so drunk as to be incapable of forming a deliberate and premeditated design to kill is not guilty of murder in the first degree. The influence of intoxication upon the question of the existence of premeditation, however, depends upon its degree, and its effect on the mind and passions. No inference of the absence of deliberation and premeditation arises from intoxication, as a matter of law. And intoxication cannot serve as an excuse for the offender; and it should be received with great caution, even for the purpose of reducing the crime to a lower degree."

Applying the principle, the Court is of opinion that there was error committed in failing to present the view embodied in the prisoner's prayer for instructions, and he is entitled to have his cause tried before another jury, and it is so ordered.

New trial.