STATE OF NORTH CAROLINA v. BOBBY LEE HEDGECOE, JR.

No. 9126SC638

(Filed 5 May 1992)

1. **Robbery § 5.4 (NCI3d) — assault with a deadly weapon and simple assault as lesser included offenses — instruction not given — no error**

    The trial court did not err by denying defendant's motion to instruct the jury on the crimes of assault with a deadly weapon and simple assault as lesser included offenses of common law robbery where the State's evidence establishes that defendant committed only the crime of common law robbery and defendant's evidence only tended to show that he committed no offense, not a lesser offense.

    **Am Jur 2d, Robbery § 75.**

2. **Robbery § 5.3 (NCI3d) — common law robbery — instructions — language of indictment not followed — no error**

    The trial court did not err by denying defendant's motion to amend jury instructions on common law robbery regarding robbing the victim of personal property to conform to language in the indictment referring to robbery of jewelry. The trial court properly charged the jury on the elements of common law robbery and the use of the term personal property rather than jewelry as found in the indictment cannot be considered prejudicial in the context of the evidence.

    **Am Jur 2d, Robbery § 71.**

3. **Narcotics § 4.1 (NCI3d) — possession of drug paraphernalia — intent to use in connection with controlled substances — evidence insufficient**

    The trial court erred by failing to grant defendant's motions to dismiss the charge of possession of drug paraphernalia where the State introduced the hypodermic syringe and needle found in defendant's possession on the night of his arrest and the arresting officer testified that these items were used to introduce drugs of some kind into the body. The mere possession of the needle and syringe fails to establish the crucial element of possession with intent to use the syringe in connection with controlled substances.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 45.**

**Prosecutions based upon alleged illegal possession of instruments to be used in violation of narcotics laws. 92 ALR3d 47.**

4. **Criminal Law § 912 (NCI4th) — motion to poll jury — evidence on which defendant found guilty — denied — no error**

The trial court did not err in a prosecution for robbery by denying defendant's request to poll the jury to determine on what evidence he was found guilty. The court had already polled the jury to determine the unanimity of the verdict; N.C.G.S. § 15A-1238 does not entitle defendant to an unlimited number of polls.

**Am Jur 2d, Trial § 1765.**

APPEAL by defendant from judgment entered 15 March 1991 in MECKLENBURG County Superior Court by *Judge Shirley L. Fulton.* Heard in the Court of Appeals 6 April 1992.

Defendant was indicted for robbery with a dangerous weapon in violation of N.C. Gen. Stat. § 14-87 and possession of drug paraphernalia in violation of N.C. Gen. Stat. § 90-113.22. The evidence presented by the State at trial tends to establish the following facts and circumstances.

Defendant and his co-defendant Ricky Davis (hereinafter Davis) were together in the vicinity of the B-1 Convenience Store on the evening of 27 October 1990. Around 10:00 p.m., Dean Duckworth (hereinafter Duckworth) left the convenience store and began to walk to his home. Duckworth testified that he saw defendant and Davis run across the street, hide behind several cars and finally get behind some bushes in a nearby field. Duckworth continued to walk and was approached by Davis. Davis asked Duckworth for a cigarette. Duckworth told Davis that he only had one cigarette and that Davis could have it. Duckworth then attempted to leave but Davis said, "Hold on, have you got any money?" Duckworth replied that he did not have any money. Davis again asked Duckworth for money when defendant began to run towards Duckworth and Davis.

Defendant asked Duckworth if he had any money and Duckworth said, "No." Duckworth testified that Davis then began looking at the necklaces Duckworth was wearing. Defendant again asked for money and Duckworth again stated that he did not have any. Davis

then grabbed at Duckworth's necklaces as Duckworth attempted to back away. Davis said, "Hold up," and defendant grabbed Duckworth by the shirt. Davis then ripped the necklaces from around Duckworth's neck.

Defendant then raised his voice and angrily asked Duckworth if he had any money. Defendant reached into his jacket and told Duckworth, "I got a gun, you better give me all your money." Duckworth began backing away when defendant took the gun out of his jacket and pointed it at Duckworth's chest. Duckworth then emptied the contents of his pockets onto the ground. Duckworth testified that Davis left him and defendant in order to talk to a woman in a truck. The woman, Vicky Jones (hereinafter Jones), yelled at Davis and told him to "stop messing with him [Duckworth]." Duckworth stated that Davis instructed defendant to "shoot his ass" as Davis walked toward Jones. Defendant, still holding the gun to Duckworth's chest, turned towards Davis. Duckworth then ran away.

Jones testified that she knew Davis and spoke to him on the night of 27 October. She stated that she was riding around with some of her friends when she noticed Davis, Duckworth and defendant standing in a field. She yelled at Davis telling him to leave Duckworth alone. She testified that Davis then approached the truck in which she sat and started talking to her. She asked Davis what he was doing and he said, "Nothing." She noticed that Davis was holding some necklaces in his hand and told him to give them back to Duckworth. Davis responded, "I ain't gonna give a god-damned thing back." Jones then told Davis she was going to call the police.

Duckworth's testimony was corroborated by Terrence Clark (hereinafter Clark) who testified that he saw the three men as he was walking to his home on the night of 27 October. He stated he saw Duckworth and Davis in a field across the street from the B-1 Convenience Store and heard Davis ask Duckworth for cigarettes and money. Clark stated he hid between a dumpster and a building and watched defendant approach the two men in the field.

Defendant then began asking Duckworth if he had any money and Duckworth again said that he had none. Clark stated he saw Duckworth begin to back up and then he saw defendant grab Duckworth's shirt and "jack him up." He also saw defendant and

Davis searching Duckworth's pockets. He further noticed that defendant had drawn a gun and pointed it at Duckworth's chest. Clark continued to watch the event until Duckworth ran away. He stated he began to run and almost ran into Duckworth. Clark testified that Duckworth told him he had been robbed and that he and Clark should call the police.

Defendant's evidence tended to establish the following facts and circumstances. Davis testified that he and defendant had been together drinking wine earlier in the evening. He further stated that while they were together defendant found a broken BB pistol in the trash and placed it in the waistband of his pants. Davis stated that he and defendant soon parted company and that he went to the convenience store to buy some beer.

Davis acknowledged seeing Duckworth on the night of 27 October. He said he approached Duckworth and asked him for a cigarette. Davis said Duckworth told him he did not have a cigarette, would not give him one if he did and then called him a son-of-a-bitch. Davis stated he and Duckworth began to argue over a girl in the neighborhood that both men were dating. Davis said he grabbed at Duckworth as a result of this argument and that Duckworth's necklaces fell off as a result of this encounter. Davis denied that defendant was present during this incident and further stated he did not see defendant again until both men were arrested at the convenience store. He also denied talking to Jones or having any part of robbing Duckworth. Defendant did not testify.

Defendant and Davis were tried together. Defendant made motions to dismiss the charges against him for insufficiency of the evidence at the close of the State's evidence. The trial court granted defendant's motion as to the charge of armed robbery and the case proceeded on the theory of common law robbery. Defendant's motion to dismiss was denied as to the charge of possession of drug paraphernalia. Defendant renewed his motions to dismiss at the close of all the evidence which were denied. Defendant was found guilty of common law robbery and possession of drug paraphernalia and was given a consolidated sentence of seven years for these crimes. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kathryn Jones Cooper, for the State.*

*William M. Davis, Jr., Assistant Public Defender, for defendant-appellant.*

STATE v. HEDGECOE

[106 N.C. App. 157 (1992)]

WELLS, Judge.

Defendant presents three assignments of error to this Court on appeal. He assigns error to the trial court's denial of his motion to instruct the jury on the lesser included offenses of assault with a deadly weapon and simple assault on the ground the evidence presented at trial would support a verdict from the jury on either of the lesser offenses. Defendant also assigns error to the trial court's denial of his motion to amend the jury instructions as to the elements of common law robbery on the ground that the instructions did not conform to the language of the indictment. Defendant last assigns error to the verdict of guilty of possession of drug paraphernalia on the ground it was unsupported by the evidence and to the trial court's denial of his motion to poll the jury to determine the ground on which he was found guilty of common law robbery.

[1] Defendant first assigns error to the trial court's denial of his motion to instruct the jury on the crimes of assault with a deadly weapon and simple assault as lesser included offenses of common law robbery. He contends the trial court committed prejudicial error by denying his motion and that the evidence presented at trial would allow the jury to convict him of either of these lesser offenses if the jury had received instructions on them. We disagree.

A defendant is entitled to jury instructions on a lesser included offense of a crime, even in the absence of a specific request for such instruction, when there is some evidence to support the lesser offense. State v. Chambers, 53 N.C. App. 358, 280 S.E.2d 636 (1981). However, when all the evidence tends to show that defendant committed the crime with which he is charged and there is no evidence of guilt of the lesser included offense, the court correctly refuses to charge on the unsupported lesser offense. Id.; citing State v. Redfern, 291 N.C. 319, 230 S.E.2d 152 (1976).

Defendant was tried on the charge of committing common law robbery. The elements of the offense of common law robbery are (1) the felonious, non-consensual taking of (2) money or personal property (3) from the person or presence of another (4) by means of violence or fear. State v. Smith, 305 N.C. 691, 292 S.E.2d 264, cert. denied, 459 U.S. 1056, 103 S.Ct. 474, 74 L.Ed.2d 622 (1982).

STATE v. HEDGECOE

[106 N.C. App. 157 (1992)]

It is clear the evidence presented by the State establishes that defendant committed the crime of common law robbery by acting in concert with his co-defendant. The State's evidence tended to show that defendant and Davis positioned themselves to accost Duckworth by hiding between buildings and behind bushes in a field. Davis asked Duckworth for money several times and was soon joined by defendant who repeated the requests. Defendant and Davis grabbed Duckworth and defendant held Duckworth by his shirt as Davis took his necklaces. Further, defendant pointed an inoperable gun at Duckworth's chest demanding money from him and preventing Duckworth's attempt to get away from defendant.

The evidence presented by the State establishes that defendant committed only the crime of common law robbery against Duckworth. Defendant's evidence only tended to show that he committed no offense, not a lesser offense. The trial court was correct in denying his request for instructions on the lesser crimes of assault with a deadly weapon and simple assault. Therefore, this assignment of error is overruled.

[2] Defendant next assigns error to the trial court's denial of his motion to amend the jury instructions on the charge of common law robbery. He contends the language of the jury instruction on this charge should have conformed to the charge in defendant's indictment that he robbed Duckworth of jewelry rather than "personal property." He further contends that the failure of the trial court to amend the instruction may have allowed the jury to convict defendant on evidence presented at trial that he also took a dollar bill rather than jewelry as charged in the indictment. We disagree.

It is well settled that the trial court must instruct the jury on all substantial and essential issues of a case arising on the evidence presented at trial. *State v. Lawrence,* 94 N.C. App. 380, 380 S.E.2d 156, *review denied,* 325 N.C. 548, 385 S.E.2d 506 (1989). It is equally well settled that the trial court is not required to give a requested instruction in the exact language of the request, so long as the instruction is given in substance. *State v. Townsend,* 99 N.C. App. 534, 393 S.E.2d 551 (1990).

Our review of the contested jury instruction shows that the trial court properly charged the jury on the elements of common law robbery. The trial court's use of the term "personal property" rather than "jewelry" as found in the indictment cannot be considered prejudicial in the context of the evidence. Defendant seeks

to draw a distinction between the charge in the indictment and the evidence presented at trial that defendant did not physically remove jewelry from Duckworth but rather took money instead. This distinction is irrelevant. Defendant was tried on the theory of acting in concert with Davis and the evidence presented at trial clearly shows that defendant and Davis acted in concert to take the property and money of Duckworth from his person by fear and violence. Defendant need not have physically removed Duckworth's personal property in order to be guilty of common law robbery. This assignment of error is also overruled.

[3]  Defendant next assigns error to the jury's verdict finding him guilty of possession of drug paraphernalia. He contends the evidence presented by the State was insufficient to convict him of this crime and that the trial court should have granted his motions to dismiss this charge for insufficiency of the evidence and not submit this issue to the jury. We agree.

This assignment raises the question of whether the evidence presented at trial was sufficient to convict defendant of the crime of possession of drug paraphernalia. The State must present substantial evidence of each element of the crime with which defendant has been charged to sustain a conviction of that crime. *State v. Beatty*, 64 N.C. App. 511, 308 S.E.2d 65 (1983). If substantial evidence has been presented to support each element of the crime charged, the trial court must submit the charged crime to the jury. *State v. Jones*, 96 N.C. App. 389, 386 S.E.2d 217 (1990).

G.S. §§ 90-113.20-113.24 (1990), our Drug Paraphernalia Act, defines "drug paraphernalia" as "all equipment, products and materials of any kind that are used to facilitate, or intended or designed to facilitate, violations of the Controlled Substances Act, including . . . ingesting, inhaling, or otherwise introducing controlled substances into the human body." Further, this Act provides that "hypodermic syringes, needles, and other objects for parenterally injecting controlled substances into the body" are considered drug paraphernalia. *See* G.S. § 90-113.21. G.S. § 90-113.22 provides in pertinent part, as follows:

**Possession of Drug Paraphernalia.**

(a) It is unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia to . . . inject, ingest,

inhale, or otherwise introduce into the body a controlled substance which it would be unlawful to possess.

Thus, the State must present substantial evidence that defendant possessed the hypodermic syringe and needle found on him by the arresting officers with the intent to use the syringe in connection with controlled substances.

The State introduced the hypodermic syringe and needle found in defendant's possession on the night of his arrest. This evidence was accompanied by the testimony of the arresting officer who stated that these items were used to introduce drugs of "some kind" into the body. This evidence presented by the State merely established that defendant possessed a hypodermic syringe and needle but did not show any other incriminating circumstances. See, e.g., State v. Jones, 96 N.C. App. 389, 386 S.E.2d 217 (1990) (weighing scales found in defendant's car near 54 grams of cocaine; conviction of possession of paraphernalia upheld). In this case, the mere possession of the needle and syringe fails to establish the crucial element of possession of drug paraphernalia with the accompanying intent necessary to establish a violation of our Controlled Substances Act. Therefore, the trial court erred by failing to grant defendant's motions to dismiss this charge.

[4] Finally, defendant assigns as error the trial court's failure to poll the jury to determine on what evidence defendant was found guilty of common law robbery. He contends the trial court's denial of this request prejudiced his constitutional rights to a jury trial, a unanimous verdict and further entitles him to a new trial. We note the record in this case reveals the trial court had already polled the jury to determine the unanimity of the verdict in accordance with G.S. § 15A-1238 (1990) prior to defendant's request on which he appeals. G.S. § 15A-1238 entitles every defendant to a polling of the jury to determine the unanimity of the verdict. This statute does not entitle defendant to an unlimited number of polls. State v. Martin, 315 N.C. 667, 340 S.E.2d 326 (1986). This assignment of error is overruled.

For the reasons stated, we find no error in defendant's conviction of common law robbery and vacate the conviction of possession of drug paraphernalia. Accordingly, this case is remanded to the trial court for resentencing. See State v. Wortham, 318 N.C. 669, 351 S.E.2d 294 (1987).

As to 90 CRS 79257, no error in the trial, remanded for resentencing.

As to 90 CRS 79258, judgment vacated.

Judges ARNOLD and EAGLES concur.