STATE OF NORTH CAROLINA v. WILLIE HERBERT ROBERTSON

No. COA99-698

(Filed 20 June 2000)

### 1. Criminal Law— voluntary intoxication—specific intent crimes—issue for the jury

The trial court did not err by submitting assault and robbery charges to the jury even though defendant contends his voluntary intoxication negated the specific intent elements required for each charge because: (1) whether defendant was so intoxicated as to prevent his forming the specific intent to rob and assault the victim was a question of fact to be determined by the jury; and (2) the jury concluded that defendant was still able to form the requisite specific intent.

### 2. Robbery— purse snatching—force-sufficiency of evidence

The trial court erred by failing to dismiss a charge of common law robbery based on the State's inability to produce sufficient evidence as to the requisite element of force, because: (1) defendant used neither actual nor constructive force to gain possession of his victim's purse; (2) defendant never attempted to overpower his victim or otherwise restrain her; (3) this incident was no more than a typical purse-snatching incident, which courts in other jurisdictions routinely have held to be larceny instead of robbery; and (4) the victim was not induced to part with her property as a result of defendant's placing her in fear.

Judge WALKER concurring in part and dissenting in part.

Appeal by defendant from judgment entered 20 January 1999 by Judge Ronald K. Payne in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 April 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General George K. Hurst, for the State.*

*Ronald D. Everhart for defendant-appellant.*

LEWIS, Judge.

Defendant was tried at the 19 January 1999 session of Mecklenburg County Superior Court on one count of assault with a deadly weapon with intent to kill inflicting serious injury, in violation

STATE v. ROBERTSON

[138 N.C. App. 506 (2000)]

of N.C. Gen. Stat. § 14-32(a), and one count of common law robbery. At trial, the State's evidence tended to show that defendant and the victim, Ms. Dover, had in the past been involved in a relationship. On 17 November 1997, while Ms. Dover was riding the bus home from work, defendant came up to her and stated that he had heard she was engaged, to which she responded, "Yes." Defendant then snatched her purse from her shoulder, got off the bus, and ran. Ms. Dover chased defendant to the home of Diane Williams, defendant's cousin, whereupon defendant eventually threw her purse on the roof of a nearby church. At some point, a fight broke out between defendant, Ms. Williams, and Ms. Dover. Defendant threatened each of them with a knife before Ms. Williams was able to disarm him. In order to appease defendant and get her purse back, Ms. Dover agreed to walk with defendant to his home. While inside, defendant began beating Ms. Dover with bottles and with a two-by-four plank that had exposed nails in it. Ms. Dover sustained serious injuries as a result. The evidence at trial also tended to show that defendant had been drinking heavily prior to this incident, and the issue of defendant's capacity to form an intent due to intoxication was submitted to the jury. The jury returned a verdict of guilty as to both the assault and robbery charges. Defendant now appeals.

[1] Defendant first contends that the trial court should not have submitted the assault and robbery charges to the jury because his intoxication negated the specific intent elements required for each charge. In essence, defendant is arguing that he was so intoxicated that, *as a matter of law*, he could not have formed the specific intent to commit either assault or robbery. Such an argument is without merit.

Voluntary intoxication in and of itself is not a legal defense. *State v. Gerald*, 304 N.C. 511, 521, 284 S.E.2d 312, 318 (1981). It is only a viable defense if the degree of intoxication is such that a defendant could not form the specific intent required for the underlying offense. *Id.* Because the intoxication defense focuses not just on the level of intoxication, but on its effect on a defendant's state of mind as well, its validity necessarily involves matters for a jury to decide. As our Supreme Court has explained in the context of first degree murder:

"Intoxication, though voluntary, is to be considered *by the jury* in a prosecution for murder in the first degree, in which a premeditated design to effect death is essential, with reference to its effect upon the ability of the accused at the time to form and

entertain such a design, not because, *per se*, it either excuses or mitigates the crime, but because, in connection with other facts, an absence of malice or premeditation may appear. . . . *No inference of the absence of [the requisite specific intent] arises from intoxication, as a matter of law.*"

*State v. Murphy*, 157 N.C. 614, 618-19, 72 S.E. 1075, 1077 (1911) (quoting *Wharton on Homicide* 811 (3d ed.)) (emphasis added); *see also State v. Caldwell*, 616 So. 2d 713, 721 (La. Ct. App. 1993) ("Questions of fact, such as guilt or innocence, sanity at the time of the offense, self-defense, or *intoxication*, are issues decided by the jury.") (emphasis added); *Bryant v. State*, 574 A.2d 29, 35 (Md. Ct. App. 1990) ("In any event, it seems clear that the possible effect of voluntary intoxication upon a particular specific intent is quintessentially a question of fact for the jury, properly instructed."); *State v. Givens*, 631 S.W.2d 720, 721 (Tenn. Crim. App. 1982) ("The defense of intoxication negating specific intent is a question of fact for the jury upon receiving proper instructions.").

Thus, whether defendant was so intoxicated as to prevent his forming the specific intent to rob and assault Ms. Dover was a question of fact, to be determined by the jury. Here, the jury concluded that defendant still was able to form the requisite specific intent, and we cannot disturb that finding on appeal.

[2] Next, defendant contests the trial court's failure to dismiss the charge of common law robbery due to an insufficiency of evidence to establish each element of the offense. Common law robbery requires proof of four elements: (1) felonious, non-consensual taking of (2) money or other personal property (3) from the person or presence of another (4) by means of force. *State v. Hedgecoe*, 106 N.C. App. 157, 161, 415 S.E.2d 777, 780 (1992). We conclude the State failed to produce sufficient evidence as to the requisite element of force.

The requisite force for robbery may be either actual or constructive. *State v. Sawyer*, 224 N.C. 61, 65, 29 S.E.2d 34, 37 (1944). Actual force connotes violence, or force to the body. *Id.* Constructive force connotes placing the victim in fear. *Id.* Here, defendant used neither actual nor constructive force to gain possession of Ms. Dover's purse.

Nearly a century and a half ago, our Supreme Court articulated the amount of violence required to constitute actual force. In a case in which that court overturned the conviction of a slave without

counsel who was sentenced to death, the court explained: "To consti-tute the crime of highway robbery, the force used must be either before or at the time of the taking, and must be of such a nature as to show that it was intended to *overpower the party robbed or prevent his resisting, and not merely to get possession of the property stolen.*" *State v. John*, 50 N.C. 163, 169 (5 Jones) (1857) (emphasis added). In short, the victim must be *induced* to part with her property as a result of the violence. *State v. Parker*, 322 N.C. 559, 566, 369 S.E.2d 596, 600 (1988).

Here, the victim testified as follows:

A: [Defendant] came up to me. I was sitting on the seat in the back. He came and he said to me, I heard you had a new boyfriend. And I said, yes, I'm engaged.

. . . .

Q: And then what happened next, after you told him that you were engaged?

A: He snatched my pocketbook.

Q: Where were you holding your pocketbook?

A: On my—on this side, right here (indicating). I had it on my shoulder.

Q: You mean you had the straps on your shoulder?

A: Um-hmm.

Q: And then what happened next?

A: He grabbed it, and I told the bus driver to call the police. And he did, but by that time he had got off the bus. The bus stopped on Mills Road, so I got off and ran after him, cause he had my pocketbook.

(Tr. at 19-20). As Ms. Dover's testimony indicates, the only force used by defendant was that sufficient to remove her purse from her shoul-der. Defendant never attempted to overpower her or otherwise restrain her. Rather, this was no more than a typical purse-snatching incident, which courts in other jurisdictions routinely have held to be larceny, not robbery. *See generally* 4 Charles E. Torcia, Wharton's Criminal Law § 465, at 44 (15th ed. 1996) ("The taking of property from the person of another by surprise, as by sudden snatching, does not constitute robbery. Thus, the sudden snatching of a purse or other

property from a person's hand is not robbery. The offense constitutes larceny . . . ."); Peter G. Guthrie, Annotation, *Purse Snatching as Robbery or Theft*, 42 A.L.R.3d 1381, 1383 (1972) ("[T]he rule prevailing in most jurisdictions [is] that the mere snatching or sudden taking of property from the person of another does not in itself involve such force, violence, or putting in fear as will constitute robbery.").

We conclude there was insufficient evidence of constructive force as well. Constructive force exists if the defendant, by words or gesture, has placed the victim in such fear as is likely to create an apprehension of danger and thereby induce her to part with her property for the sake of her person. *Sawyer*, 224 N.C. at 65, 29 S.E.2d at 37. Again, the victim must be *induced* to part with her property as a result of the defendant's placing her in fear. *Parker*, 322 N.C. at 566, 369 S.E.2d at 600.

Here, defendant made no threatening remarks or gestures to Ms. Dover on the bus. According to her testimony, the only words uttered by defendant concerned her being engaged. Although Ms. Dover also testified defendant had told her over the phone the night before, "I'll get you," this threat was sufficiently removed in time to eliminate any apprehension or fear. None was cited or shown. Furthermore, this "threat" was never made in the context of defendant trying to take her property. Thus, it was not uttered to induce Ms. Dover to part with her purse.

In sum, we uphold defendant's conviction as to the assault charge. But because the requisite element of force was not present, we vacate defendants's conviction of robbery and remand for entry of a judgment of guilty and re-sentencing as to the lesser-included offense of larceny from the person. *See generally State v. Jolly*, 297 N.C. 121, 130, 254 S.E.2d 1, 7 (1979) (remanding for re-sentencing as to lesser-included offense where evidence was insufficient as to one element of the greater offense, even though the lesser offense was not originally submitted to the jury); *State v. Suggs*, 117 N.C. App. 654, 662, 453 S.E.2d 211, 216 (1995) (same).

No error in part; vacated and remanded in part.

Judge MARTIN concurs.

Judge WALKER concurs in part and dissents in part.

Judge WALKER concurring in part and dissenting in part.

I concur in the majority opinion which finds no error in the defendant's conviction on the assault charge.

I respectfully dissent to the majority opinion which vacates the defendant's conviction on the charge of common law robbery. I disagree with the general rule asserted that a typical purse snatching incident is larceny and not common law robbery. Here, the victim was seated on a bus and was holding her purse which had a strap over her shoulder. Even though the defendant and the victim knew each other, the victim, in her statement, stated that defendant said, "I'll fix you" as he grabbed her purse and pulled it from her hands.

In *State v. Sawyer*, 224 N.C. 61, 29 S.E.2d 34 (1944), our Supreme Court held that the degree of force is immaterial so long as it is sufficient to cause the victim to part with her property. A purse snatching incident, as here, involves an element of force and violence such that the State's evidence was sufficient to withstand the defendant's motion to dismiss.