AUBRA DAVIS, AND BILLIE FAYE DAVIS, PLAINTIFFS v. JOHN M. BALSER, DEFENDANT

No. COA02-101

(Filed 31 December 2002)

**Motor Vehicles—motion for new trial—judgment notwithstanding verdict—jury instructions—no contact rule—doctrine of insulating negligence**

The trial court did not err in a negligence action arising out of an automobile accident by denying plaintiff's motion for a new trial and motion for judgment notwithstanding the verdict even though the trial court should have included the "no contact rule" jury instruction under N.C.P.I.-Civil 102.24 in the jury charge as requested by plaintiff and the trial court included the doctrine of insulating negligence jury instruction under N.C.P.I.-Civil 102.65 because: (1) taken in the context of the jury charge as a whole, the jury charge was sufficient enough for the jury to understand that it could find defendant's negligence to be a proximate cause of plaintiff's injuries despite there having been no contact between plaintiff's and defendant's vehicles; (2) the trial court properly instructed on the doctrine of insulating negligence based upon evidence of an independent intervening act that would insulate any negligence of defendant's; and (3) the absence of the "no contact" instruction was not likely to mislead the jury.

Appeal by plaintiffs from judgment entered 30 October 2001 by Judge David Q. LeBarre in Chatham County Superior Court. Heard in the Court of Appeals 10 October 2002.

**DAVIS v. BALSER**

[155 N.C. App. 431 (2002)]

*W. Darrell Whitley, for plaintiff-appellants.*

*Burton & Sue, L.L.P., by Walter K. Burton and James D. Secor, III, for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff, Aubra Davis[1] ("Davis") appeals from an order denying plaintiff's motion for new trial and motion for judgment notwithstanding the verdict ("JNOV"). On appeal plaintiff assigns error to: (1) the trial court's denial of plaintiff's motion to include within the jury charge North Carolina Pattern Jury Instruction ("NCPI") 102.24,[2] the "No Contact" rule; and (2) the trial court's denial of plaintiff's objection to including within the jury charge NCPI 102.65, "Insulating Negligence." We find no error in the trial court's rulings. We affirm.

On 1 April 1999, Davis, employed by BI Transportation in Burlington, was driving a tractor-trailer southbound on North Carolina Highway 87. Davis testified that as he crossed a bridge, he saw "[t]wo pickup trucks coming northbound [towards him]." The lead truck was "a dark color and the one behind it was . . . silver[.]" It was later determined that the lead truck was driven by Lucio Perez ("Perez") and the rear truck was driven by defendant, John Balser ("Balser"). No vehicles were traveling southbound in front of Davis. As Davis crossed the bridge, he "observed the two pickup trucks coming north and . . . the [Balser] truck pulled out into . . . the southbound lane . . . and started to pass [the Perez] truck." Davis testified, "as [Balser] got up kind of in the front . . . I thought he cleared [the dark colored truck] but . . . they got together somehow." When Balser merged back into the northbound lane, the "Perez car went . . . across the . . . center line right in [the] path of [Davis'] truck." Davis struck the passenger side of Perez's truck. In response to questioning as to why he did not apply his brakes at any time before Perez came into his lane, Davis testified, "I didn't think I had to because I thought [Balser] had plenty of room to get in." Balser, who was on the way to

---

1. This case involves two plaintiffs, Aubra Davis and his wife, Billie Faye Davis. Both plaintiffs appealed the judgment of the trial court. However, since the Billie Faye Davis appeal depends on the decision regarding the Aubra Davis appeal and in his brief plaintiff only refers to a singular plaintiff, we will refer to plaintiff, Aubra Davis, only.

2. We cite N.C.P.I.—Civil 102.24, which is the 1993 and most updated version of the "No Contact" rule. In his brief plaintiff cites 102.21, which was the 1973 version of the rule. Since this trial occurred in 2001, 102.24 is the applicable rule.

the hospital to see his wife who had been taken into emergency surgery, testified that he had been following Perez at 40 miles per hour for "[a]bout four or five miles." The speed limit was 50 miles per hour. Balser testified that he did not see a tractor-trailer traveling towards him when he first pulled into the southbound lane to pass Perez. Balser testified, "I pulled out around him and started to pass him, and I got just about by him and I looked over and made sure I cleared him and he was pulling back up beside of me again." Balser did not feel as though he had time to decrease his speed and resume his position behind Perez because "the tractor-trailer was already coming" and Balser may have collided with it. When Balser tried to merge back into the northbound lane, he felt a "bump" on some part of his truck. Immediately after Balser was re-established in the northbound lane, the accident occurred between Perez and Davis. Perez and his passenger died as a result of the accident. Davis sustained injuries. Balser did not come into contact with Davis' tractor-trailer and was not injured.

Plaintiff filed a written request to include NCPI 102.24, the "No Contact" rule, and a written objection to the inclusion of NCPI 102.65, "Insulating Negligence," within the jury charge. The trial court denied plaintiff's request and overruled his objection. The issue of defendant's negligence was submitted to the jury. The jury returned a verdict finding defendant not negligent. The trial court then denied plaintiff's motion for new trial and motion for JNOV.

Standard of Review

In reviewing a trial court's ruling on requests for jury instructions, we are "required to consider and review [the] jury instructions in their entirety." *Estate of Hendrickson ex rel. Hendrickson v. Genesis*, 151 N.C. App. 139, 150, 565 S.E.2d 254, 262 (2002) (citation omitted). The burden is on the party assigning error to show "that the jury was misled or that the verdict was affected by an omitted instruction." *Bass v. Johnson*, 149 N.C. App. 152, 160, 560 S.E.2d 841, 847 (2002) (citation omitted). "The charge will be held to be sufficient if 'it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed[.]' " *Id.* (citation omitted). After reviewing the jury instructions in their entirety, we find that the instructions were sufficient and not likely to mislead the jury.

NCPI 102.24—"The No Contact Rule"

NCPI 102.24 states:

> If the negligence of the operator of a vehicle proximately causes the operator of another vehicle to lose control of or to drive his vehicle in such a way as to result in [injury][damage] to another, the first operator may be held liable for such [injury][damage]. It is not necessary that the first operator's vehicle actually come in contact with another [person][vehicle].

N.C.P.I.—Civil 102.24 (1993). Plaintiff argues that this instruction should have been included in the jury charge. We agree that this instruction would have been appropriate, but, in the context of the jury charge as a whole, we conclude that the absence of this instruction was not likely to mislead the jury. In order for the trial court's denial of plaintiff's request to constitute reversible error, plaintiff would have to show that the jury was misled as to whether or not it could find defendant to be a proximate cause of plaintiff's injuries. Regarding the issue of whether defendant was negligent, the court instructed the jury as follows:

> [T]he first issue is, was the plaintiff, Aubra Davis, injured by the negligence of the defendant, John M. Balser? On this issue, the burden of proof is on the plaintiff. This means the plaintiff must prove, by the greater weight of the evidence, that the defendant was negligent and that such negligence was a proximate cause of the plaintiff's injury.
>
> . . .
>
> The plaintiff not only has the burden of proving negligence, but also that such negligence was a proximate cause of the injury. Proximate cause is the cause in which a natural and continuous sequence produces a person's injury. It is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result. There may be more than one proximate cause of an injury; therefore, the plaintiff need not prove that the defendant's negligence was the sole proximate cause of the injury. The plaintiff must prove by the greater weight of the evidence only that the defendant's negligence was a proximate cause . . . Thus, if the negligent acts or omissions of the operators of two vehicles concur to produce the injury complained of, the conduct of each operator is a proximate cause. . . .

The jury charge survives appellate review in that, taken in context of the entire charge, it was sufficient enough for the jury to understand that it could find defendant to be a proximate cause of plaintiff's injuries, despite there having been no contact between the plaintiff's and defendant's vehicles.

NCPI 102.65—"Insulating Negligence"

As to the doctrine of insulating negligence, the judge instructed the jury:

> The motor vehicle law provides that an operator of a vehicle about to be overtaken and passed by another vehicle approaching from the rear shall give way to the right, in favor of the overtaking vehicle, on suitable and audible signals being given by the operator of the overtaking vehicle. In any event, the operator of the overtaken vehicle shall not increase the speed of the vehicle until completely passed by the overtaking vehicle. A violation of this law is negligence. You will consider this matter only if you find the defendant, Balser, was negligent. If you do so find, such negligence would be insulated and the defendant would not be liable to the plaintiff if the negligence of Perez was such as to right [(break)] the causal connection between Bals[e]r's negligence and the plaintiff's injury and thus become, as between the negligence of the two, the sole proximate cause. . . .

See N.C.P.I.—Civil 102.65 (1985). The propriety of the instruction depends upon whether there is evidence of an independent, intervening act on the part of Perez that would insulate any negligence of Balser's. After a careful review of the record, we find that there is ample evidence from which the jury could have determined that Perez's actions constituted an intervening act, which insulated defendant, causing defendant not to be a proximate cause of plaintiff's injuries. The evidence shows that as Balser was attempting to pass, Perez increased his speed and did not yield to Balser as required by law. The jury could have decided that Perez's act constituted a separate and intervening act, which insulated any negligence on Balser's part.

We find no error in the trial court's rulings.

No error.

Judges TIMMONS-GOODSON and HUDSON concur.