STATE OF NORTH CAROLINA
v.
KENNETH EDWARD CHANCE
No. COA07-1491
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General W. Richard Moore, for the State.
Robert W. Ewing for defendant-appellant.
MARTIN, Chief Judge.
Defendant was convicted by a jury of misdemeanor larceny in 06 CRS 55135 and common law robbery in 07 CRS 853. Defendant pleaded guilty to having attained habitual felon status in 07 CRS 2201. The trial court consolidated the cases for judgment and sentenced defendant to a minimum term of 101 months and a maximum term of 131 months in the custody of the North Carolina Department of Corrections. Defendant appeals. For the reasons stated below, we find no error in defendant's conviction of common law robbery and having obtained habitual felon status, but must vacate defendant's conviction of misdemeanor larceny and remand for resentencing.
The State presented evidence at trial which tended to show that on 3 October 2006, defendant entered J's Cash Mart in Cameron, North Carolina. The cashier, Chrystil Wheaton, testified that defendant picked up a bag of chips and a drink and set them on the checkout counter. Defendant told Ms. Wheaton that he "had to go outside for a minute," so she pushed his items to the side and began ringing up other customers. Defendant went outside and then came back into the store and asked Ms. Wheaton how much Newport cigarettes cost. She told defendant the price, and then defendant asked if he could have six cartons of cigarettes. Ms. Wheaton informed defendant that by law he could only purchase four cartons per day. She then went to a cabinet to the right of the cash register that contained cigarettes, unlocked the cabinet, and got out a box that contained cartons of cigarettes. She realized that defendant had moved and was standing in front of her. Defendant tried to reach into the cabinet, and then grabbed the box from Ms. Wheaton's hand and ran out the door. Ms. Wheaton observed defendant get into a car, and watched the car drive off in the direction of Fayetteville.
Ms. Wheaton contacted the police and Deputy Chris McNeill responded to the call. The Cameron Chief of Police, Gary McDonald, arrived at J's Cash Mart two days later to investigate the incident. He asked Ms. Wheaton to give him a written statement, and he obtained the security camera footage that recorded the incident at J's Cash Mart. He took digital pictures of the security footage that showed defendant in front of the cash register. On 6 October 2006, defendant entered Don's Variety Mart, picked up a beer, and set it on the checkout counter. The cashier, Tina Sloan, testified that she told him the price of the beer and that defendant asked her where the coffee was located. Soon after, Ms. Sloan realized that defendant had walked into the stock room where the cigarettes were kept. Ms. Sloan testified that she yelled at defendant and "told him he did not belong back there." Defendant came out of the room carrying the cigarettes he had taken, went outside, and got into a car. The car backed up to the door of the store, and Ms. Sloan observed the license plate number on the car and noticed that the license plate had an Indian head on it.
Ms. Sloan contacted Chief McDonald on his cell phone and gave him the tag number and a description of the vehicle. Chief McDonald testified that soon after he received the call from Ms. Sloan he encountered the vehicle she described. He stopped the vehicle and found defendant sitting in the passenger seat. Chief McDonald placed defendant in his vehicle and called Ms. Sloan who came to the scene and identified defendant as the man who stole the cigarettes and identified the car as the one she saw leave Don's Variety Mart. Ms. Sloan looked in the vehicle and saw the cigarettes that had been stolen from the store. Chief McDonald recognized defendant from the images taken from the security camera footage at J's Cash Mart. Chief McDonald arrested defendant. The incident at J's Cash Mart formed the basis of the common law robbery charge in 07 CRS 853, and the incident at Don's Variety Mart formed the basis of the misdemeanor larceny charge in 06 CRS 55135.
Defendant first argues on appeal that the court lacked jurisdiction to try him and enter judgment in the misdemeanor larceny charge because the magistrate's order failed to charge that the alleged victim was a corporation or other legal entity capable of owning property. We agree.
A fatally defective indictment deprives the trial court of jurisdiction. See State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d 326, 341, cert. denied, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000), reh'g denied, 571 U.S. 1120, 148 L. Ed. 2d 784 (2001). A magistrate's order, like an indictment or warrant for arrest, is a pleading in a criminal case, and thus a defective magistrate's order will have the same effect as a defective indictment. See N.C. Gen. Stat. § 15A-921 (2007). "[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo." Ales v. T.A. Loving Co., 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004). "An indictment for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property is fatally defective." State v. Roberts, 14 N.C. App. 648, 649, 188 S.E.2d 610, 611 (1972). Further, "a larceny indictment which does not indicate the legal entity is a corporation or the name of the legal entity does not import a corporation is fatally defective." State v. Cathey, 162 N.C. App. 350, 353-54, 590 S.E.2d 408, 411 (2004). We note that although defendant failed to contest the sufficiency of the magistrate's order before the trial court, a lack of subject matter jurisdiction may be raised for the first time on appeal. See State v. Call, 353 N.C. 400, 428-29, 545 S.E.2d 190, 208, cert. denied, 534 U.S. 1046, 151 L. Ed. 2d 548 (2001); State v. Wilson, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419, disc. rev. improvidently allowed, 349 N.C. 289, 507 S.E.2d 38 (1998).
Here, the magistrate's order in the misdemeanor larceny charge states that defendant "unlawfully and willfully did steal, take, and carry away 11 CARTONS OF CIGARETTES, the personal property of DON'S VARIETY MART, such property having a value of $390.00." It does not allege that Don's Variety Mart is a corporation or other legal entity capable of owning property. Thus, the magistrate's order in the misdemeanor larceny charge is fatally defective and the judgment must be vacated.
Defendant next argues that the trial court erred in denying his motion to dismiss the charge of common law robbery based on insufficient evidence. We disagree. "'When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied.'" State v. Bellamy, 172 N.C. App. 649, 656, 617 S.E.2d 81, 87 (2005) (quoting State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982)), disc. rev. denied, 360 N.C. 290, 628 S.E.2d 384 (2006). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Vick, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). In ruling on a motion to dismiss, the court must view the evidence in the light most favorable to the State. See State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992).
Common law robbery requires proof of four elements: "(1) the felonious, non-consensual taking of (2) money or personal property (3) from the person or presence of another (4) by means of violence or fear." State v. Hedgecoe, 106 N.C. App. 157, 161, 415 S.E.2d 777, 780 (1992). Defendant contends that the State failed to present sufficient evidence of the element of force. The force used may be actual or constructive. See State v. Sawyer, 224 N.C. 61, 65, 29 S.E.2d 34, 37 (1944). "[A]ctual force implies personal violence." Id. Constructive force includes any demonstration of force that puts the victim in fear to the extent that he or she is induced to part with the property. Id. In the present case, no threats or other demonstrations of force were made, so we must determine whether there was sufficient actual force. The actual force used "must be either before or at the time of the taking, and must be of such a nature as to show that it was intended to overpower the party robbed or prevent his resisting, and not merely to get possession of the property stolen." State v. Robertson, 138 N.C. App. 506, 509, 531 S.E.2d 490, 493 (2000) (quoting State v. John, 50 N.C. (5 Jones) 163, 169 (1857)). "In short, the victim must be induced to part with her property as a result of the violence." Id.
In the present case, Ms. Wheaton testified that defendant pushed her hand off the box of cigarettes that she was holding in order to get possession of it:
Q And what you've told the jury today is that he reached down and took the box of cigarettes out of your hand and that's when your hand  that's when he touched you?
A No. When I  but when  he grabbed the box of cigarettes when my hand was on there and pushed them out of the way I guess to get my hand loose from the box.
Q Okay. So how are you saying he did that, that he pushed  that he grabbed it with one hand and pushed your hand with the other?
A Yes, sir.
Ms. Wheaton further testified that she was scared and that she "wasn't going to fight him for the cigarettes." Thus, the amount of actual force used was sufficient to induce Ms. Wheaton to part with the box of cigarettes. By pushing Ms. Wheaton's hands off the box, defendant prevented her from resisting. When the foregoing evidence is considered in the light most favorable to the State, and the State is given every reasonable inference to be drawn therefrom, it shows that defendant used the requisite force when he took the box, and the evidence is thus sufficient to support a conviction for common law robbery.
Defendant next argues that the trial court erred in denying his special jury instruction for the common law robbery charge, which read: "The taking of property from the person of another by surprise, as by sudden snatching, does not constitute robbery . . . the sudden snatching of a purse or other property from a person's hand is not robbery[,] the offense constitutes larceny." We disagree.
"In reviewing a trial court's ruling on requests for jury instructions, we are required to consider and review [the] jury instructions in their entirety." Davis v. Balser, 155 N.C. App. 431, 433, 574 S.E.2d 177, 179 (2002) (internal quotation marks omitted). Further, it is the burden of the party assigning error to show that "the jury was misled or that the verdict was affected by an omitted instruction. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed." Id. at 433, 574 S.E.2d at 179 (internal quotation marks omitted). "[T]he trial court is not required to give requested instructions verbatim, even when they correctly state the law." State v. Williams, 333 N.C. 719, 731, 430 S.E.2d 888, 894 (1993).
The jury instructions presented by the trial court regarding the force element of the robbery charge stated that the jury had to find that "the taking was by violence against Chrystil Wheaton or by putting Chrystil Wheaton in fear" in order to find defendant guilty of common law robbery. Based on our previous discussion of the evidence presented in regards to this charge, the jury charge was sufficient and defendant has failed in his burden of showing the omission of his requested instructions served to mislead the jury or affect the verdict. This argument is without merit.
Our decision requires that we remand this case to the trial court so that defendant may be resentenced upon his conviction of common law robbery and having attained habitual felon status. See State v. Stonestreet, 243 N.C. 28, 31, 89 S.E.2d 734, 737 (1955) ("Where two or more indictments or counts are consolidated for the purpose of judgment, and a single judgment is pronounced thereon . . . the award of a new trial on the other indictment[s] or count[s] requires that the cause be remanded for proper judgment on the valid count.").
Misdemeanor larceny  judgment vacated.
Common law robbery  no error.
Remanded for resentencing.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).