STATE OF NORTH CAROLINA,
v.
GARY BRIAN WHITLOCK.
No. COA09-824
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Judith Tillman, for the State.
Leslie C. Rawls for defendant-appellant.
BRYANT, Judge.
On 2 March 2009, a jury found defendant Gary Brian Whitlock guilty of common law robbery and assault by strangulation. The trial court sentenced defendant to prison terms of 20 to 24 months on the assault conviction and 29 to 35 months on the robbery conviction, to be served consecutively. As discussed below, we find no error.

Facts
The charges against defendant arise from an altercation that occurred in Kernersville in May 2008. The evidence at trial tended to show the following. Defendant and Stacey Taylor began dating in September 2007 and moved in together at the King's Inn Motel in February 2008. On 15 May 2008, Ms. Taylor got off work at 7 p.m. and walked home, arriving a few minutes later than normal. Defendant had been drinking and was angry. Taylor and defendant began to argue and someone called the motel manager, who came to investigate. Both defendant and Ms. Taylor denied they had been arguing.
When the manager left, Ms. Taylor picked up her pocketbook, placed it around her neck, plugged in her radio headphones, and left the motel for her mother's house. Ms. Taylor testified that when she was two blocks from the motel, defendant came up behind her, grabbed her by her hair, and threw her to the ground. Defendant then threw a plate of food in her face. When Ms. Taylor tried to get up, defendant repeatedly threw her back to the ground. The State questioned Ms. Taylor regarding defendant's throwing her to the ground.
Q: [Prosecutor]: How did you feel, ma'am?
A: [Ms. Taylor]: Afraid.
Q: Why were you afraid?
A: What would happen, I guess; what he would do.
Q: What who would do?
A: Mr. Whitlock.
Q: Are you still afraid?
A: Oh, yeah.
Ms. Taylor testified that defendant jerked her pocketbook until the strap broke and after unsuccessfully trying to get the pocketbook back, Ms. Taylor walked away from defendant. Defendant then grabbed Ms. Taylor, threw her to the ground, placed his hands around her neck, and squeezed. Ms. Taylor testified that defendant strangled her for a minute or two, then released her, and ran off with her pocketbook. Ms. Taylor ran in the opposite direction and alerted the police.
Defendant made six assignments of error which he brings forward in three arguments: the trial court erred in (I) allowing evidence of Ms. Taylor's fear of defendant; (II) failing to intervene during the State's closing argument; and (III) denying defendant's motion to dismiss the common law robbery charge. We find no error.

I
Defendant first argues that the evidence of Ms. Taylor's fear of the defendant was improperly admitted, because it did not tend to prove any fact at issue and was likely to inflame the jury. We disagree.
Defendant contends that evidence of Ms. Taylor's fear was not relevant to the common law robbery or assault by strangulation charge. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. Evidence "not connected to a crime charged and which ha[s] no logical tendency to prove any fact in issue [is] irrelevant and inadmissible." State v. Bodden, 190 N.C. App. 505, 509, 661 S.E.2d 23, 26 (2008), disc. review denied, 363 N.C. 131, 675 S.E.2d 660, cert. denied, __ U.S. __, __ L. Ed. 2d __ (2009) (internal citations and quotation marks omitted). In deciding whether to admit evidence, a trial court must balance its relevancy and prejudicial effect. See N.C. Gen. Stat. § 8C-1, Rule 403.
"Although a trial court's rulings on relevancy [under Rule 401] technically are not discretionary and we do not review them for an abuse of discretion, we give them great deference on appeal." Bodden, 190 N.C. App. at 509, 661 S.E.2d at 26 (internal citations and quotation marks omitted). A trial court's Rule 403 determination regarding whether to exclude evidence is reviewed for an abuse of discretion and is not overturned unless it is so arbitrary that it could not have been the result of a reasoned decision. State v. Campbell, 359 N.C. 644, 673, 617 S.E.2d 1, 20 (2005), cert. denied, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006).
Here, defendant was convicted of common law robbery and assault by strangulation. "Common law robbery is defined as the non-consensual taking of money or personal property from another by means of violence or fear." State v. White, 142 N.C. App. 201, 204, 542 S.E.2d 265, 267 (2001). When asked how many times defendant threw her down to the ground, Taylor testified, "I don't know. He pushed me down so many times, I was terrified of him; that still doesn't give him the right to do me the way he did. He is evil." Evidence of Taylor's fear was relevant to prove defendant's use of violence or intimidation, an essential element of common law robbery. Therefore, the trial court's admission of this evidence did not constitute error. Accordingly, defendant's assignment of error is overruled.

II
Defendant next contends the trial court erred in failing to intervene ex mero motu when the prosecutor made inflammatory statements during his closing argument. We disagree.
"[W]here a defendant has failed to object at trial to a prosecutor's closing argument but attempts to challenge the argument on appeal, the standard of review is gross impropriety, rather than plain error." State v. Sakobie, 157 N.C. App. 275, 279, 579 S.E.2d 125, 128 (2003). This Court must "determine whether the prosecutor's jury argument was so grossly improper as to warrant the trial court's intervention ex mero motu." Id. Under this standard the defendant must prove that the statements so affected the proceedings as to render the conviction fundamentally unfair. State v. Davis, 349 N.C. 1, 23, 506 S.E.2d 455, 467 (1998), cert. denied, 526 U.S. 1161, 144 L. Ed. 2d 219 (1999).
In his closing arguments, the prosecutor stated:
All you need to do when you go back into that room and deliberate is remember Miss Taylor. Remember how afraid she was on that night, how brave it was of her to get up on the stand and testify about what happened, in spite of her fear of that man, to come up in front of twelve strangers and talk about that.
Defendant did not object to these comments by the prosecutor at trial. However, these statements are an accurate representation of Taylor's testimony and were not improper, much less so grossly improper as to warrant the trial court's intervention ex mero motu. Accordingly, defendant's assignment of error is overruled.

III
Defendant also argues the trial court erred in denying his motion to dismiss the common law robbery charge. We disagree.
On a defendant's motion to dismiss, the trial court must consider "whether there is substantial evidence (a) of each essential element of the offense charged, or of a lesser offense included therein, and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied." State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Vick, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995) (citation omitted). All evidence is considered in a light most favorable to the State, and the State is given the benefit of every reasonable inference. State v. Jaynes, 342 N.C. 249, 274, 464 S.E.2d 448, 463 (1995), cert. denied, 518 U.S. 1024, 135 L. Ed. 2d 1080 (1996).
Defendant first challenges the sufficiency of the State's evidence that defendant intended to deprive Ms. Taylor of her pocketbook permanently. The elements of common law robbery are: "(1) the felonious, non-consensual taking of (2) money or personal property (3) from the person or presence of another (4) by means of violence or fear." State v. Hedgecoe, 106 N.C. App. 157, 161, 415 S.E.2d 777, 780 (1992). Felonious non-consensual taking is "a taking with the felonious intent on the part of the taker to deprive the owner of his property permanently and to convert it to the use of the taker." State v. Lawrence, 262 N.C. 162, 168, 136 S.E.2d 595, 599-600 (1964). The taker's intent may be proven by direct evidence or inferred from the circumstances. State v. Kermmerlin, 356 N.C. 446, 474, 573 S.E.2d 870, 889-90 (2002). The fact that a defendant keeps a stolen item temporarily and then returns it to its owner does not require the trial court to dismiss a charge of common law robbery. State v. Simmons, 167 N.C. App. 512, 520-21, 606 S.E.2d 133, 139 (2004), disc. review denied, 359 N.C. 325, 611 S.E.2d 844 (2005). The "defendant's intent at the time of the taking is an issue for the jury to resolve." Id. at 521, 606 S.E.2d at 139 (citing State v. Scott, 356 N.C. 591, 598, 573 S.E.2d 866, 870 (2002)) (emphasis added).
In the present case, the evidence viewed in the light most favorable to the State tended to show that defendant jerked Taylor's pocketbook off of her neck, breaking the strap, and then fought with and choked Taylor to keep her from getting her pocketbook back. Defendant ran away with the pocketbook, but later returned the pocketbook to Taylor's mother's yard. The trial court did not err in denying defendant's motion to dismiss the common law robbery charge and properly submitted the issue to the jury for it to determine defendant's intent at the time he took the pocketbook. See Simmons, 167 N.C. App. at 521, 606 S.E.2d at 139. Accordingly, defendant's assignment of error is overruled.
No error.
Judges HUNTER, Robert C., and JACKSON concur.
Report per Rule 30(e).